# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1924V

| | |
|---|---|
| YE XIA, *as administrator for* ESTATE OF S.L.*,* | Chief Special Master Corcoran |
| Petitioner, | Filed: November 17, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Ronald Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Voris Johnson*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On December 21, 2020, Ye Xia, on behalf of her minor child, S.L., filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) ("Pet.") at 1. Petitioner alleged that an influenza vaccine administered to S.L. on February 1, 2020, caused S.L. to experience autoimmune encephalitis, and ultimately led to her tragic death. Pet. at 1–2. A one-day Entitlement Hearing was held in Washington, DC, on October 7, 2024, and I subsequently issued a decision finding entitlement in favor of the Petitioner. *See* Ruling, dated Aug. 29, 2025 (ECF No. 90). The parties have since then endeavored to agree on the proper amount of damages.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 State. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references will be to § 300aa of the Act (but will omit that statutory prefix).

On November 13, 2025, Respondent filed a proffer proposing an award of compensation. Proffer, dated Nov. 13, 2025 (ECF No. 96). I have reviewed the filing, and, based upon that review, I conclude that the Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my Decision in awarding damages on the terms set forth therein.

The proffer awards:

- **$500,000.00,** representing compensation for pain and suffering ($250,000.00) and the statutory death benefit ($250,000.00), to Petitioner Ye Xia, as administrator/personal representative of the estate of S.L., to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement;[3] and

- **$4,530.37**, reflecting medical costs Petitioner incurred in past reimbursable expenses related to S.L.'s alleged vaccine-related injury and death, also to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

Proffer at 2. This amount represents compensation for all damages elements under 42 U.S.C. § 300aa-15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner (in a total lump sum payment of **$504,530.37**). In the absence of a Motion for Review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Petitioner also represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as administrator/personal representative of S.L.'s estate under the laws of the State of Ohio. No payments shall be made until Petitioner provides Respondent with documentation establishing that she has been appointed as the administrator/personal representative of S.L.'s estate. If Petitioner is not authorized by a court of competent jurisdiction to serve as administrator/personal representative of the estate of S.L., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as administrator(s)/personal representative(s) of the estate of S.L. upon submission of written documentation of such appointment to respondent.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| YE XIA, administrator of the estate of S.L., deceased,<br><br>                           Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                           Respondent. | No. 20-1924 (ECF)<br><br>Chief Special Master Corcoran |

**PROFFER ON AWARD OF COMPENSATION**

I. **Procedural History**

On December 21, 2020, Ye Xia ("petitioner"), on behalf of her deceased daughter, S.L., filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that an influenza vaccination administered to S.L. on February 1, 2020, caused her to suffer a neurological injury resulting in her death. ECF Doc. 1. On August 29, 2025, the Chief Special Master issued a Ruling on Entitlement (ECF Doc. 90), finding that petitioner has established entitlement to compensation under the Act for S.L.'s death.

Respondent now proffers that petitioners receive the compensation award described below.[1]

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Special Master's August 29, 2025 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

1

## II.   Items of Compensation

### A.  Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner, as administrator/legal representative of S.L.'s estate, should be awarded $250,000.00 for S.L.'s actual pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B.  Past Unreimbursable Expenses

Petitioner has supplied evidence that she incurred past unreimbursable expenses related to S.L.'s alleged vaccine-related injury and death.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $4,530.37.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

### C.  Death Benefit

Respondent proffers that petitioner, as administrator/legal representative of S.L.'s estate, should be awarded the $250,000.00 statutory death benefit.  *See* 42 U.S.C. § 300aa-15(a)(2).  Petitioner agrees.

These amounts represent compensation for all elements of damages to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).[2]  Petitioner agrees.

## III.   Form of the Award

The parties recommend that the compensation provided to petitioner should be made through two lump sum payments, as described below, and respectfully request that the Chief Special Master's decision and the Court's judgment award the following:

---

[2] This proffer does not include attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).

1. A lump sum payment of **$500,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Ye Xia, as administrator/personal representative of the estate of S.L.[3]

2. A lump sum payment of **$4,530.37** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

        Respectfully submitted,

        BRETT A. SHUMATE
        Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        s/Voris E. Johnson, Jr.
        VORIS E. JOHNSON, JR.
        Assistant Director
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel: (202) 616-4136
        Email: voris.johnson@usdoj.gov

Date: November 13, 2025

---

[3] Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as administrator/personal representative of S.L.'s estate under the laws of the State of Ohio. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the administrator/personal representative of S.L.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as administrator/personal representative of the estate of S.L., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as administrator(s)/personal representative(s) of the estate of S.L. upon submission of written documentation of such appointment to respondent.