corrected

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1924V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| YE XIA, *as administrator for* ESTATE OF S.L.*,* | Chief Special Master Corcoran |
| Petitioner, | Filed: February 26, 2026 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER DENYING PETITIONER'S REQUEST FOR REDACTION

On December 21, 2020, Ye Xia, on behalf of her minor child, S.L., filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[1] Petition, dated Dec. 21, 2020 (ECF No. 1) at 1. After trial and a complete review of the record, I issued a decision finding entitlement in favor of the Petitioner. *See* Ruling, dated Aug. 29, 2025 (ECF No. 90). Soon after, Respondent filed a proffer proposing an award of compensation that I found reasonable, and adopted as my Decision in awarding damages in this case. Proffer, dated Nov. 13, 2025 (ECF No. 96); Decision Awarding Damages, dated Nov. 17, 2025 (ECF No. 97) (the "Decision").

Petitioner has now filed a motion requesting redaction of the Decision to replace her full name with her initials, for the purpose of protecting her identity from internet searches. Motion, dated Dec. 1, 2025 (ECF No. 101) ("Mot.") at 3–4. On December 3, 2025, Respondent opposed the request. Response, dated Dec. 3, 2025 (ECF No. 102) ("Resp."). Petitioner's declined to file a Reply.

---

[1] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 State. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references will be to § 300aa of the Act (but will omit that statutory prefix).

## ANALYSIS

I have previously discussed the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.,* No. 12-312V, 2015 WL 11387761, at *2–4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*, 123 Fed. Cl. 497 (2015)[2]; Section 12(d)(4)(B); Vaccine Rule 18(b). In short, the Act provides for redaction of certain categories of information "medical files and similar files"), but only if the disclosure of such information would constitute a "clearly unwarranted invasion of privacy." Section 12(d)(4)(B). The Vaccine Rules make mandatory the redaction of a minor's name, but adult petitioners' names (which are not similarly protected automatically) may also be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460–61 (Fed. Cl. 2011), *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *A.K. v. Sec'y of Health & Human Servs.*, No. 09-605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013); *but see Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695, at *7–8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing).

As I have observed, *W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460–61; *K.L.*, 2015 WL 11387761, at *2–3. I have permitted redaction in cases without reconciling these two competing standards or choosing one over the other though. *See, e.g.*, *K.L.*, 2015 WL 11882259 (granting petitioner's renewed motion for redaction because she established that disclosure of her injuries would cause her harm in the employment context); *S.B. v. Sec'y of Health & Human Servs.*, No. 14-918V, slip op. (Fed. Cl. Spec. Mstr. Feb. 9, 2016). Both cases require a petitioner to make *some* affirmative showing to justify the relief of redaction, and may not simply obtain it upon written request. *W.C.,* 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). The petitioner in *W.C.* made this showing by offering an affidavit in which he explained that his work at a federal governmental department required him to testify frequently for the government in cases "involving criminal and administrative violations of immigration and nationality laws," and therefore the release of his

---

[2] In *K.L.*, I initially denied the petitioner's motion for redaction for failure to substantiate the request. *K.L.*, 2015 WL 11387761, at *4. The petitioner then filed a motion for review, which was denied. 123 Fed. Cl. at 509. Subsequently, I invited the petitioner to renew her motion for redaction and offer additional evidence to substantiate it. After providing additional support, I granted the petitioner's motion. *K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015).

2

name and details about the medical conditions stemming from his flu vaccination would potentially harm him professionally by impacting his credibility. *Id*. at 447.

While it is now common for minor children's names to be redacted to initials, similar redactions for adults are typically granted only in unusual circumstances. And, as described above, a petitioner needs to make *some* affirmative showing to justify the relief of redaction, and may not simply obtain it upon written request. *W.C.,* 100 Fed. Cl. at 460. For example, in *R.K. on behalf of A.K.,* a special master concluded that the former Chief Special Master's decision on entitlement should be redacted to include only the minor child and his parent's initials, because the decision included a level of detail that was both exceptional and detailed. *R.K. on behalf of A.K. v. Sec'y of Health & Hum. Servs*., 125 Fed. Cl. 276, 278 (2016). The decision at issue in that case totaled 161 pages, and the issuing special master relied on the unusual level of detail and thoroughness in the case to inform the decision. *Id*. On review, the Court of Federal Claims determined that the special master had taken the appropriate action with regard to petitioner's redaction request. *Id.* at 281.

The reasoning in *R.K. on behalf of A.K.* has been applied in other cases to deny redaction of adult names. In one such case, the special master denied redacting the names of the petitioner and witnesses to just their initials in the absence of a compelling reason. *Windhorst v. Sec'y of Health & Hum. Servs*., No. 13-647V, 2017 WL 728045, at *4 (Fed. Cl. Spec. Mstr. Jan. 10, 2017). The petitioner in that case had submitted the redaction request without providing any law, statute, or example of harm that would befall her if her request was not granted. *Id.* Like others, the petitioner "simply assume[d] that she is 'entitled to protection from the disclosure of all educational and medical information contained in my ruling.'" *Id.* (quoting *Anderson v. Sec'y of Health & Hum. Servs.*, No. 08-0396V, 2014 WL 3294656, at *3 (Fed. Cl. Spec. Mstr. June 4, 2014)).

Petitioner argues that without redactions, her anonymity is at risk. *See* Mot. at 3–4. A simple internet search of her name will reveal the Decision, which would greatly invade her family's privacy after the tragic loss of her child. *Id.* However, Petitioner offers no more support for her argument. She provides no independent considerations that would favor redaction. The entirety of their request thus flows from the fact that publication of *any* Vaccine Program damages decision inherently involves the disclosure of private information.

There is no justification for redaction in this case at present. The unusual circumstances that justified the redaction of a parent's initials in other cases are not found in the present matter. The Decision at issue is specific to the question of damages and amounts to five pages, and, while it touches on the vaccination S.L. received, her later disease, and her tragic passing, it does not do so to the level of detail where redactions would be appropriate. *See* Decision at 1. Further, Petitioner has not provided any other compelling reason as to why her name should be redacted to only her initials. Previous petitioners have satisfied the standards for redaction by demonstrating

3

that the information to be redacted might if disclosed harm their future employment or educational interests. *See, e.g.*, *N.W. v. Sec'y of Health & Human Servs.*, No. 07-93V, 2018 WL 5851061, at *3–4 (Fed. Cl. Spec. Mstr. July 13, 2018) (educational interests justified redaction); *K.L.*, 2015 WL 11882259 at *2 (employment interests justified redaction). The desire to keep private the damages award in this case is not comparable.

## CONCLUSION

For the reasons set forth above, I hereby determine that Petitioner has not established grounds for redacting the Decision Awarding Damages in this case, and I therefore **DENY** Petitioner's Motion.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master