# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 20-1924V**

| | | |
|---|---|---|
| YE XIA, *as administrator for* ESTATE OF S.L., Petitioner, | | Chief Special Master Corcoran |
| v. | | Filed: June 29, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | | |

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Voris E. Johnson*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING IN PART**
**FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On December 21, 2020, Ye Xia, on behalf of her minor child, S.L., filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] An entitlement hearing in the matter was held in Washington, D.C. on October 7, 2024, and I thereafter ruled in Petitioner's favor. The parties thereafter successfully resolved damages, and I issued a decision awarding Petitioner compensation. *See* Decision, dated Nov. 17, 2025 (ECF No. 97).

[1] "Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*"

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Apr. 29, 2026 (ECF No. 107) ("Mot."). This is the sole fees and costs request. Petitioner requests a total of $208,540.40 (consisting of $154,544.50 in fees, plus $53,995.90 in costs) for the work performed by the attorneys and paralegals at Conway Homer, P.C. Mot. at 3. Respondent reacted to the fees request April 30, 2026. *See* Response, dated Apr. 30, 2026 (ECF No. 109). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees and costs award, and otherwise defers the calculation of the amount to be awarded to my discretion. *Id.* at 2, 4. Petitioner did not file a Reply.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$208,469.90**.

## I. Calculation of Fees

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys and support staff, based on the years work was performed:

| | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|---|
| **Meredith Daniels (Attorney)** | $350.00 | -- | -- | $455.00 | -- | $516.00 | -- |
| **Ronald Homer (Attorney)** | $447.00 | $447.00 | $475.00 | $500.00 | $525.00 | $567.00 | $612.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Joseph Pepper (Attorney)** | $355.00 | -- | -- | -- | -- | -- | -- |
| **Christina Ciampolilo (Attorney)** | $380.00 | $380.00 | $425.00 | $470.00 | $500.00 | $537.00 | $580.00 |
| **Nathanial Enos (Attorney)** | -- | $230.00 | $280.00 | -- | -- | -- | -- |
| **Patrick Kelly (Attorney)** | $225.00 | $225.00 | $250.00 | $305.00 | $345.00 | $380.00 | $430.00 |
| **Paralegals** | $155.00 | $155.00 | $170.00 | $185.00 | $195.00 | $207.00 | $223.00 |

Mot., Tab A at 1–39.

The attorneys at Conway, Homer, P.C. practice in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid at forum rates, as established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-396V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The rates requested are also consistent with what has previously been awarded for the work of these attorneys, and are consistent with the Office of Special Masters' fee schedule.[3] *See Guzman v. Sec'y of Health & Hum. Servs.*, No. 22-957V, 2025 WL 1891419, at *3 (Fed. Cl. Spec. Mstr. June 9, 2025); *Jackman v. Sec'y of Health & Hum. Servs.*, No. 21-685V, 2025 WL 2659100 (Fed. Cl. Spec. Mstr. Aug. 13, 2025); *Lloyd v. Sec'y of Health & Hum. Servs.*, No. 21-1332V, slip. op. at 4 (Fed. Cl. Spec. Mstr. June 9, 2026); *Simmons v. Sec'y of Health & Hum. Servs.*, No. 23-2049V, slip. op. at 2 (Fed. Cl. Spec. Mstr. June 16, 2026). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited June 29, 2026).

Petitioner seeks $53,995.90 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, probate services, copying costs, travels costs[4], and costs associated with the work of a single expert. Mot. at 2. Such costs are typical in Program cases, were reasonably incurred in this matter and are thus eligible for reimbursement.

Petitioner also seeks costs associated with the work of her expert, Dr. AHM Mahbubul Huq. Dr. Huq prepared two written reports and submitted an invoice reflecting a total amount of $45,250.00 (90.5 hours of work billed at $500.00 per hour, minus a $2,000.00 retainer). Mot., Tab B at 14–16. Dr. Huq has previously been awarded his requested rate, and I see no reason to make an alternative finding. *See A.T. v. Sec'y of Health & Hum. Servs.*, No. 20-1716V, 2024 WL 4291095 (Fed. Cl. Spec. Mstr. Aug. 14, 2024). Additionally, I find the total amount charged to be largely reasonable for the work performed and I do not find any reason to make reductions.

Finally, Petitioner has requested reimbursement for medical journals. But this is something deemed an overhead expense, and thus not compensable in the Program. Mot., Tab A at 39; *Rodriguez v. Sec'y of Health & Hum. Servs.*, No. 06-559V, 2009 WL 2568468, at *23 (Fed. Cl. July 27, 2009) (finding that a National Law Journal Subscription was an overhead expense and not compensable). I therefore deny the costs of the medical journals, which results in a reduction of **$70.50**.[5]

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorneys' Fees and Costs in its entirety. Petitioner is awarded a total amount of **$208,469.90**, reflecting $154,544.50 in attorney's fees and $53,925.40 in costs (including the aforementioned expert costs), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

---

[4] I note that the cost of Dr. Huq's airfare to attend the entitlement hearing was somewhat excessive; however, because of an unexpected change in his availability to appear in-person, and counsel's representation that all attempts were made to cancel as much of the travel-related costs as possible, I will therefore, award this requested cost in full.

[5] Calculated by: $39.00 Krager Article + $31.50 Science Direct Article = $70.50.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master